In Opinion No. 2,608, pages 231-238 of the Report and Opinions of the Attorney General of Texas for 1924-1926, the following holding, which is here adopted, was made:

"The term 'capital stock' has been defined as 'the property of the corporation contributed by its stockholders or otherwise obtained by it to the extent required by its charter.' Williams vs. Western Union Telegraph Company, 93 N.Y., 162-188. It has been said 'that the capital stock of a corporation is like that of a co-partnership or joint stock company, the amount which the partners or associates put in as their stake in the concern.' Berry vs. Merchants Exchange Company, 1 Sandf. Chan., N.Y., 280, quoted with approval in Williams vs. Western Union Telegraph Company, supra. The Supreme Court of North Carolina has defined it as 'the fund forming the basis of a corporation's business transactions.' Hobgood vs. Ehlen, 141 N.C. 344, 53 S.E. 857. Like definitions have been offered by the courts of other States and by text-writers whose works are accepted as authority. In Clark and Marshall on Law of Private Corporations, Volume 2, 372, it is said:

" 'The term "capital stock", properly speaking, signifies the amount subscribed and paid in or secured to be paid in by the shareholders of a corporation.'

"Again the same writers say:

" 'Capital stock of a corporation as we have just seen is the amount subscribed and paid for by the shareholders or secured to be paid in, and upon which it is to conduct its operations.'

"The capital stock of a corporation is to be distinguished from its capital, which constitutes the aggregate of its assets or properties. However much the capital of a corporation may increase through accumulation of profits or enhancement in the value of its properties, or however much it may be reduced by losses or by a decrease in property values, the amount of capital stock remains the same unless it is increased or reduced by or under legislative authority. The term 'capital stock' indicates a relation between the corporation and its share-holders. There must be a contract between the corporation and subscribers for stock in order that shares of stock may be issued. The word 'capital' as applied to corporations does not involve this implication.

" 'Capital stock' of a corporation . . . is the sum of money fixed by the corporate charter as the amount paid in or to be paid by the stockholders for the prosecution of the business of the corporation, and for the benefit of the corporate creditors. . . . The capital stock is to be distinguished from the amount of property owned by the corporation. Generally, capital stock does not vary, although the actual property of the corporation may fluctuate widely in value." Markel vs. Burgess, 95 N.E. 308.

"In the case of Turner vs. Cattleman's Trust Company, 215 S.W. 832, the Commission of Appeals, Sec. ' "B" ' of this State defines 'capital' as relating to corporations as follows:

"The term 'capital' is used to designate that portion of the assets of a corporation regardless of their source, which is utilized for conducting the corporate business and for the purpose of deriving therefrom their gains and profits. 7 R.C.L., 165; Wright vs. Gas R. & B. Co., 216 U.S. 420; 30 Supp. Cit. 242, 54 L.Ed. 544; Smith vs. Dana, 77 Conn. 543, 60 Atl. 117; 69 L.R.A. 76; 107 Am. St. Rep. 51; Tradesmen's Publishing Co. vs. Wheel Co., 95 Tenn. 634, 32 S.W. 1097, 31 L.R.A. 593, 49 Am. St. Rep. 943."

In the case of Farrington vs. State of Tennessee, 24 Law Edition, 558, the Supreme Court of the United States, in dealing with a question as to the amount of tax a bank should pay, laid down the following principles of law applicable here:

"The capital stock is the money paid or authorized or required to be paid in as the basis of the business of the bank, and the means of conducting its operations. It represents whatever it may be invested in. If a large surplus be accumulated and laid by, that does not become a part of it. The amount authorized cannot be increased without proper legal authority. If there be losses which impair it, there can be no formal reduction without the like sanction. No power to increase or diminish it belongs inherently to the corporation. . . ."

14 C.J., Sections 499, in part, 501 and 502, pages 379, 380, 381, 382, and 383, read as follows:

"(§ 499) 2. Capital Stock and Capital - a. Definition of Capital Stock. The 'Capital stock' of a corporation, in the strict and proper sense, is the sum total fixed by the charter

or articles of incorporation as the amount paid in or to be paid in as the capital upon which the corporation is to do business; or the fund of money or other property fixed as the basis for conducting the business of the corporation, as distinguished from the shares representing the separate interest of the individual stockholders; or, in other words, the money or its equivalent advanced by the corporators or members as the capital, which is usually for convenience divided into equal amounts called shares, for which each member is entitled to a certificate, showing the number of shares he has in the company."

"(§ 501)c.  Distinction between Capital Stock and Property or Assets.  The fund provided as capital stock becomes the property of the corporation, but the capital stock of a corporation is not the same thing as the property of the corporation. Properly speaking the term 'capital stock', as has already been stated, means the sum fixed by the charter or articles of incorporation as the amount paid in, or to be paid in, in money or its equivalent, as the capital upon which the corporation is to do business; and in this sense it is distinguishable from the tangible property and assets generally of the corporation.  The property of a corporation fluctuates and may be greater or less than the original capital invested according as the business has resulted in a profit or a loss; but the capital stock remains fixed and unaffected by the accidents of business.

" 'Capital stock' sometimes applied to property or assets. The term 'capital stock' is often used, however, in a different sense, particularly in statutes relating to taxation, and as including all the property of the corporation, in which its capital is invested and which is employed in carrying on its business, in whatever form, and even as including the entire property or assets of the corporation, tangible and intangible, including its franchise or including its franchise or franchises, contract privileges, and good will.  So it is said that capital stock 'exists only nominally' and is the mere representative of the actual property or assets of the corporation."

"(§ 502)d.  Capital or Capital Stock as Including Profits and Surplus.  Although it is said that the profits of a corporation are mere increment and augmentation of the stock until separated therefrom by declaring a dividend, and although the

term 'capital' or 'capital stock', as used in a statute may in-
clude accumulated profits when this appears to have been the
intention of the legislature, the general rule is that undivided
profits or surplus form no part of the capital or capital stock
in the proper sense, although they do form part of the general
capital or assets of the corporation. But of course surplus may
become capital by means of a duly authorized declaration of a
stock dividend. . ."

Volume 2, Hildebrand, on Texas Corporations, Section 477, pages
355-356, lays down the following rules:

" . . . When a corporation has a surplus, whether a dividend
shall be declared, and if declared, how much it shall be, and when
and where it shall be payable, rest largely in the discretion of
the directors. In the exercise of their discretion they are not
subject to control or interference by the courts unless they act
fraudulently, oppressively, or unreasonably.

"The stockholders of a corporation are not entitled, as a
matter of absolute right, to the payment of a dividend whether
the earnings of the corporation in any year exceed its liabilities.
Although there may be a large surplus, the board of directors
may, if, in their opinion, the interest of the corporation makes
it necessary or advisable, expend the same in improvements,
or in a lawful extension of the business of the corporation. Under
some circumstances, the board of directors may retain profits
of the business as a surplus fund instead of dividing it among the
stockholders. Whether they do so is generally a question within
their discretion to determine . . ."

We think it is clear from the above authorities, that the surplus
accumulated by a corporation is not a part of the capital stock of said corpora-
tion. From the figures given by you in your request, we conclude that the amount
of capital stock, common and preferred, of the corporation inquired about is the
total sum of $3,905,666.00, and that the balance of the assets of said corporation
in the total sum of $4,712,797.00 constitutes the surplus, capital and earned, of
said corporation. Therefore, since Article 4725 hereinabove set out, provides
that a life insurance company organized under the laws of this State may invest
in or loan upon securities therein named, and none other, one of the requirements
of the corporations offering such securities being that such investment shall not
be made in the stock of an oil company or manufacturing company unless such
corporation has capital stock of not less than $5,000,000.00, it is our opinion

that the company referred to by you does not qualify under said statute, for the reason that it does not have the required amount of capital stock.

Trusting that this satisfactorily answers your inquiry, we remain

Very truly yours,

ATTORNEY GENERAL OF TEXAS

By    /s/ Jas. W. Bassett
       Jas. W. Bassett

JWB:rt:tiw

APPROVED JAN 23, 1945

/s/ Carlos C. Ashley

FIRST ASSISTANT
ATTORNEY GENERAL

APPROVED
OPINION
COMMITTEE
By /s/BWB
Chairman